JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

13-cv-2323

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roderick King & Sara Tice & Thomas Stenberg & Brian Jackson

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mincey & Fitzpatrick, LLC.
1500 JFK Blvd., Suite 1525
Philadelphia, PA 19102

## DEFENDANTS
City of Philadelphia & John Doe, Sergeant & John Doe, Captain &
John Doe, Police Officer

13  2323

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Excessive Force used by police

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$1,050,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

APR 30 2013

DATE
04/30/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**BMS**

**13   2323**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _334 Station Square Blvd  Lansdale PA  19446_

Address of Defendant: _1515 Arch St  Philadelphia PA  19102_

Place of Accident, Incident or Transaction: _Philadelphia, Pennsylvania  13th & Rodman_
_StreeAs  19147_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☑

Does this case involve multidistrict litigation possibilities?      Yes☐   No☑

RELATED CASE, IF ANY:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, _Kevin V. Mincey_, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _4/30/13_    _K V Mincey_    _90201_
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/30/13_    _K V Mincey_    _90201_
                    Attorney-at-Law              Attorney I.D.#

APR 3 0 2013

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Roderick King et al                    :          CIVIL ACTION
                              v.        :
City of Philadelphia et al.            :      **13        2323**
                                        :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

4/30/13          Kevin Mincey          Plaintiffs
**Date**              **Attorney-at-law**          **Attorney for**

215-587-0006      215-587-0628      Kevin@minceyandfitc.com
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

APR 30 2013

**BMS**



MINCEY & FITZPATRICK, LLC
BY: Kevin V. Mincey, Esquire
IDENTIFICATION NO.: 90201
1500 John F. Kennedy Blvd.
Suite 1525
Philadelphia, PA 19102                    Attorney for Plaintiffs
215-587-0006

**IN THE UNITED STATES OF AMERICA DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA**

**13    2323**

1

Roderick King
334 Station Square Blvd
Lansdale, PA 19446

        IN THE UNITED STATES DISTRICT
        COURT FOR THE EASTERN
        DISTRICT OF PENNSYLVANIA

and

Thomas Stenberg
1315 Rodman St.
Philadelphia, PA 19147

and

Sara Tice
1200 South Street
Philadelphia, PA 19147

and

Brian Jackson
1521 Poplar Street
Philadelphia, PA 19130
               Plaintiffs
v.

City of Philadelphia
1515 Arch St.
14th Floor
Philadelphia PA 19102

John Doe, Sergeant
Philadelphia Police Dept.
8th & Race Streets
Philadelphia, PA

and

John Doe, Captain
Philadelphia Police Dept.
8th & Race Streets
Philadelphia, PA

and

John Doe, Police Officer
Philadelphia Police Dept.
8th & Race Streets
Philadelphia, PA
            Defendants.

2

## COMPLAINT

Plaintiffs Roderick King, Thomas Stenberg, Sara Tice, and Brian Jackson by and through their undersigned counsel, Mincey & Fitzpatrick, LLC., bring this suit to recover for federal constitutional violations, federal statutory violations, and state law claims, as follows:

### I.    PARTIES

1.    Plaintiff, Roderick King, is an adult individual and citizen of the United States, who resides in Lansdale Pennsylvania.

2.    Plaintiff, Sara Tice, is an adult individual and citizen of the United States, who resides in Philadelphia Pennsylvania.

3.    Plaintiff, Thomas Stenberg, is an adult individual and citizen of the Commonwealth of Australia, who resides in Philadelphia Pennsylvania.

4.    Plaintiff, Brian Jackson, is an adult individual and citizen of the United States, who resides in Philadelphia Pennsylvania.

5.    Defendant, City of Philadelphia (hereinafter referred to as City) is a municipality in Philadelphia County, Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs all of the defendant police officers named as parties herein.

6.    At all times relevant to this action, the City acted through its employee police officers as listed below.

7.    Defendant, John Doe, Sergeant (hereinafter referred to as Defendant Sergeant) was at all relevant times a Sergeant and commanding officer with the Police

3

Department of the City of Philadelphia, Pennsylvania, in its 3rd Police District.

8.    Defendant Sergeant is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of the City and County of Philadelphia and the Commonwealth of Pennsylvania.

9.    Defendant John Doe, Captain (hereinafter referred to as Defendant Captain) was at all relevant times a Captain and commanding officer with the Police Department of the City of Philadelphia, Pennsylvania, in its 3rd Police District.

10.   Defendant Captain is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of the City and County of Philadelphia and the Commonwealth of Pennsylvania.

11.   At all relevant times Defendant Sergeant and Defendant Captain were also supervisory officials, who were responsible for supervising the other police officers identified herein.

12.   Defendant John Doe, Officer (hereinafter referred to as Defendant Officer) was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania, in its 3rd Police District.

13.   Defendant Officer is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and

4

his acts were performed under color of the statutes and ordinances of the City

and County of Philadelphia and the Commonwealth of Pennsylvania.

## II.   JURISDICTION

14.   Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §1331

and §1343.  This action arises under the provisions of the Civil Rights Act of

1866, as amended 42 U.S.C. §1983.  This Court has supplemental jurisdiction

over the state claims asserted herein pursuant to 28 U.S.C. §1367.

15.   Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in

that the actions complained of took place in Philadelphia, which is within the

bounds of the Eastern District, and Defendants carry on business within the

Eastern District.

## III.   FACTS

16.   On March 31, 2013, at approximately 2:00 am, Plaintiffs were lawfully

walking on 13th Street approaching Rodman St. in the City and County of

Philadelphia.

17.   Plaintiffs observed Defendant Officer in full uniform driving a white

Philadelphia Police SUV #1724 in an unsafe manner.

18.   Plaintiff Stenberg called out to Defendant Officer regarding an illegal turn that

Defendant Officer made.

19.   Defendant Officer heard the comment and pulled his marked patrol car over to

confront Plaintiff Stenberg.

20.   Plaintiffs King, Jackson and Tice all take out their cell phones and begin

recording the confrontation between Defendant Officer and Plaintiff Stenberg.

21.    Defendant Officer grabbed Plaintiff Stenberg by the shirt and started yelling at
him.

22.    Defendant Officer slapped the phone out of Plaintiff Jackson's hand causing it
to break in the street.

23.    Plaintiff King told Defendant Officer that his behavior was "way above and
beyond Officer."

24.    Defendant Officer then turned and approached Plaintiff King.

25.    Plaintiff King backed away from Defendant Officer with his hands raised
while still recording the incident.

26.    Plaintiff King told Defendant Officer "I have a right to videotape."

27.    Defendant Officer reached out and grabbed Plaintiff King by the collar of his
shirt.

28.    Defendant Officer began yelling "DON'T FUCKING TOUCH ME!" at
Plaintiff King.

29.    Plaintiff King was backing away with his hands up saying "I'm not touching
you officer, I'M NOT TOUCHING YOU."

30.    Defendant Officer then slapped Plaintiff King's cell phone out of his hand on
to the street while saying "DON'T FUCKING TOUCH ME!"

31.    Plaintiff King's phone landed in the street and stopped recording.

32.    Defendant Officer shoved Plaintiff King into the street.

33.    Defendant Officer grabbed Plaintiff King, threw him up against the patrol car
and handcuffed him.

6

34. Plaintiff King was placed under arrest by Defendant Officer and ordered into the back of the patrol car.

35. Defendant Officer got into the patrol car and drove away heading north on 13th Street with Plaintiff King handcuffed in the back of the car.

36. Defendant Officer told Plaintiff King he was under arrest for "public intoxication".

37. Defendant Officer never took Plaintiff King to a police district.

38. Defendant Officer drove around with Plaintiff King handcuffed in the back of the patrol car eventually coming to a stop in a dark unknown location.

39. Plaintiff King was in fear that he going to be assaulted by Defendant Officer.

40. Plaintiff King was repeatedly telling Defendant Officer that he "was not intoxicated" and offered to take a Breathalyzer to prove it.

41. Defendant Officer asked Plaintiff King if he wanted to be taken back to where he was picked up.

42. Defendant Officer drove Plaintiff King back to the area where Plaintiff Stenberg, Plaintiff Jackson, and Plaintiff Tice were still standing.

43. It was at this time that Plaintiff King was free to leave the scene.

44. Plaintiff Stenberg, Plaintiff Jackson, and Plaintiff Tice made repeated calls to 911 requesting a supervisor come to the scene so that they could report the incident.

45. There was no response to those 911 calls.

46. Plaintiff was not issued any citations in connection with this seizure.

47. The incident occurred while Plaintiff was in a non-threatening and defenseless physical position, unarmed, and completely unable to pose any threat to others or defend himself.

48. Plaintiff did not commit any crimes on March 31, 2013.

49. Plaintiff was not cited for any crimes on March 31, 2013.

50. At no time during the incident did Defendant Sergeant, or Defendant Captain take any action to stop the seizure, or to take control of the situation.

51. Immediately after being assaulted by Defendant Officer, Plaintiffs were experiencing pain.

52. As set forth more fully below, Defendants intentionally used excessive force against the Plaintiffs, which was unreasonable, unjustifiable, and unconstitutional, to silence him from exercising his First Amendment rights.

53. At all relevant times, Defendants knew or should have known that their actions were in violation of Plaintiffs Fourth, and Fourteenth Amendment Rights.

54. Defendants' actions, and their motivation for their actions, were conscience shocking, without conscious regard or due care for Plaintiffs or the foreseeable consequences of their actions, and with such wanton and reckless disregard of the consequences as to show Defendants' deliberate indifference to the danger of harm and injury.

55. As a direct and proximate cause of Defendants' actions and inactions, Plaintiffs suffered and continue to suffer deprivation of their rights, fear, horror, loss of liberty, to their great detriment and loss.

56. As a direct and proximate cause of Defendants' actions and inactions, Plaintiffs suffered and were made to undergo physical pain and horrible mental anguish, all to their great detriment, financial detriment, and personal loss.

57. Plaintiffs' serious injuries were a foreseeable and direct result of the actions and inactions of all Defendants.

58. Defendants violated Plaintiffs clearly established and well settled federal constitutional rights, including but not limited to their right to substantive due process, liberty, personal security, their right to be free from unreasonable searches and seizures, and his right to be free from the use of excessive, unreasonable and unjustified force.

59. Furthermore, the Constitutional violations suffered by Plaintiffs were the result of the City's policies, procedures, customs, and practices of allowing its officers to make stops without reasonable suspicion, and to use unreasonable and excessive force thereby violating the civil rights of those with whom they come into contact.

60. The City has maintained, with the deliberate indifference to the impact on citizens, an inadequate system of review of instances of misconduct, abuse of police powers or violation of citizens' rights by police officer, a system which has failed to identify instances of abuse of police powers or violations of citizens' rights by police officers, discipline, more closely supervise, or retain officers who abuse their police powers or violate citizens' rights, including the police officers named as parties herein.

9

61.  The City was deliberately indifferent to the need for more or different training, rules, regulations, investigations and discipline relating to police officers' use of excessive force and investigatory stops as set forth above.

62.  The foregoing acts, omissions, systemic deficiencies, practices, customs and deliberate indifference constitutes the polices, practices and customs of the City and have caused police officers of the City, including the police officers named as parties herein, to violate the constitutional rights of citizens, including Plaintiff.

63.  The rights, violations and injuries suffered by Plaintiffs were a foreseeable result of the policies, practices, customs and deliberate indifference of the City.

## COUNT I- FOURTH AMENDMENT- UNLAWFUL SEARCH AND SEIZURE, EXCESSIVE FORCE ALL PLAINTIFFS VS ALL DEFENDANTS

64.  The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

65.  As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiffs' rights protected under the Fourth Amendment to be free from unreasonable search and seizure and to be free from the use of excessive force were violated and suffered injury as a result.

66.  Defendants subjected Plaintiffs to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiffs' rights would be violated by their actions.

67. As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs suffered damages as set forth above and deprivations of their rights and liberty interests, all to Plaintiffs great detriment and loss.

68. Solely as a result of Defendants' conduct, Plaintiffs suffered substantial damages including the costs of this suit.

69. Plaintiffs are entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiffs suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiffs' civil rights;

ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual capacities; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT II-FOURTEENTH AMENDMENT-SUBSTANTIVE DUE PROESS ALL PLAINTIFFS VS. ALL DEFENDANTS

70. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

11

71. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiffs' substantive due process rights protected under the Fourteenth Amendment were violated and he suffered grievous bodily injury.

72. Defendants subjected Plaintiffs to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiffs' rights would be violated by their actions.

73. As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs suffered damages as set forth above and deprivations of their rights and liberty interests, all to Plaintiffs great detriment and loss.

74. Solely as a result of Defendants' conduct, Plaintiffs suffered substantial damages including the costs of this suit.

75. Plaintiffs are entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiffs suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)   a declaration that Defendants, jointly and severally, have violated Plaintiffs civil rights;

ii)   compensatory damages in excess of $150,000;

iii)   prejudgment interest, attorneys' fees and costs;

iv)   punitive damages against the individual defendants in their individual capacities; and,

12

v)      such other legal and equitable relief as the Court deems just and proper.

## COUNT III-FOURTEENTH AMENDMENT- PROCEDURAL DUE PROCESS
## ALL PLAINTIFFS VS. ALL DEFENDANTS

76.     The allegations set forth in the preceding paragraphs are incorporated as
though fully set forth herein.

77.     As a direct and proximate result of Defendants' actions, more particularly
described above, Plaintiffs procedural due process rights protected under the
Fourteenth Amendment were violated and he suffered grievous bodily injury.

78.     Defendants subjected Plaintiffs to this deprivation of rights unreasonably,
intentionally, wantonly, outrageously, and with conscious and reckless
disregard for whether Plaintiffs' rights would be violated by their actions.

79.     As a direct and proximate result of the acts and omissions of Defendants,
Plaintiffs suffered damages as set forth above and deprivations of their rights
and liberty interests, all to Plaintiffs great detriment and loss.

80.     Solely as a result of Defendants' conduct, Plaintiffs suffered substantial
damages including the costs of this suit.

81.     Plaintiffs are entitled to attorney's fees and cost of prosecution of this suit
pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs requests that the Court find and determine, after trial by
jury as appropriate, that Plaintiffs suffered substantial and continuing injury as a
result of deprivation of their civil and Constitutional rights, and otherwise wrongful
conduct and award the following relief, as appropriate:

i)      a declaration that Defendants, jointly and severally, have violated
Plaintiff's civil rights;

13

ii)    compensatory damages in excess of $150,000;

iii)   prejudgment interest, attorneys' fees and costs;

iv)    punitive damages against the individual defendants in their individual capacities; and,

v)     such other legal and equitable relief as the Court deems just and proper.

## COUNT IV- MONELL CLAIM
## ALL PLAINTIFFS VS. DEFENDANT CITY

82.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

83.    The decisions and actions of the officials of the City as set forth herein represented and constituted the official policy and/or customs of the City.

84.    At the time of this incident, it was the policy, practice and/or custom of the City and its police officers to use excessive force and make stops without reasonable suspicion, intimidate citizens wrongfully stopped, conduct unreasonable searches, etc.

85.    In addition, the Constitutional violations suffered by Plaintiffs were the result of the City's failure to properly train and supervise its officers with regard to the proper methods for making stops without reasonable suspicion, intimidate citizens wrongfully stopped, conduct unreasonable searches, etc.

86.    Prior to the events described herein, the city developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the City, which policies are more

14

particularly set forth in the preceding paragraphs incorporated herein, that caused the violation of Plaintiffs' rights.

87.   As a direct and proximate result of the City's policies, practices, customs, procedures, failure to train and supervise, which are more specifically described above, Plaintiffs were injured as stated herein.

88.   As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the City, as more fully described above, the City violated Plaintiffs' rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

89.   Plaintiffs are entitled to attorney's fees and costs of the prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiffs suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)      a declaration that Defendants, jointly and severally, have violated Plaintiffs civil rights;

ii)     compensatory damages in excess of $150,000;

iii)    prejudgment interest, attorneys' fees and costs;

iv)    punitive damages against the individual defendants in their individual capacities; and,

15

v)      such other legal and equitable relief as the Court deems just and proper.

## COUNT V- ASSAULT AND BATTERY
## ALL PLAINTIFFS VS. DEFENDANT OFFICER JOHN DOE

90.     The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

91.     Defendant placed Plaintiffs in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject them to such bodily contact.

92.     As a consequence of these actions, Plaintiffs suffered bodily injury.

93.     The acts of Defendant Officer John Doe, as set forth above, constituted the torts of assault and battery, all to Plaintiffs great detriment and loss.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiffs suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)      a declaration that Defendants, jointly and severally, have violated Plaintiffs' civil rights;

ii)     compensatory damages in excess of $150,000;

iii)    prejudgment interest, attorney's fees and costs;

iv)     punitive damages against the individual defendants in their individual capacities; and,

v)      such other legal and equitable relief as the Court deems just and proper.

## COUNT VI- FALSE IMPRISONMENT
## PLAINTIFF KING VS. DEFENDANT OFFICER JOHN DOE

16

94.   The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

95.   Defendant Officer John Doe intentionally, recklessly, willfully, and without legal justification, held Plaintiff without probable cause or other legal justification by virtue of his refusal to allow him to leave the scene.

96.   The acts of Defendant Officer John Doe constitute the tort of false arrest and false imprisonment, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff Roderick King requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)    a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii)   compensatory damages in excess of $150,000;

iii)  prejudgment interest, attorneys' fees and costs;

iv)   punitive damages against the individual defendants in their individual capacities; and,

v)    such other legal and equitable relief as the Court deems just and proper.

17

## COUNT VII-INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS
## ALL PLAINTIFFS VS. DEFENDANT OFFICER JOHN DOE

97. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

98. Defendant Officer John Doe intentionally, recklessly, willfully, and without legal justification, by extreme and outrageous conduct caused severe emotional distress to Plaintiffs.

99. The acts of Defendant Officer John Doe alleged in the preceding paragraphs constitute the tort of intentional infliction of emotional distress outrageous conduct all to Plaintiffs great detriment and loss.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiffs suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)  a declaration that Defendants, jointly and severally, have violated Plaintiffs' civil rights;

ii)  compensatory damages in excess of $150,000;

iii)  prejudgment interest, attorneys fees and costs;

iv)  punitive damages against the individual defendants in their individual capacities; and,

v)  such other legal and equitable relief as the Court deems just and proper.

18

**JURY DEMAND**

PURSUANT TO F.R.C.P. 38, A JURY TRIAL IS DEMANDED.


By: **/s/ Kevin V. Mincey**

Kevin V. Mincey, Esquire

Attorney ID 90201

Mincey & Fitzpatrick, LLC.

1500 JFK Blvd.

Suite 1525

Philadelphia, PA 19102

215-587-0006 (p)

215-587-0628 (f)

Kevin@minceyandfitz.com

Attorney for Plaintiffs


19

## **VERIFICATION**

I, Roderick King, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and that this is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

By: **_/s/Roderick King_**
Roderick King

20

## VERIFICATION

I, Sara Tice, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of her knowledge, information and belief, and that this is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

By: __/s/Sara Tice_____
Sara Tice

21

## VERIFICATION

I, Thomas Stenberg, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and that this is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

By:  **/s/ Thomas Stenberg**_____
Thomas Stenberg

22

## VERIFICATION

I, Brian Jackson, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and that this is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

By: ___/s/ **Brian Jackson**_____
Brian Jackson